UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| COULETTE MARIE OSMORE, | CASE NO. 3:09-CV-05640-RBL |
|---|---|
| Plaintiff, | ORDER |
| v. | [Dkt. #29] |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees, Costs, and Expenses pursuant to 28 U.S.C. § 2412 [Dkt. # 29]. The underlying case involves Plaintiff's request for judicial review of the Commissioner's final decision finding her not disabled under the Social Security Act.

## I. FACTUAL SUMMARY

In October 2005, Plaintiff filed applications for disability insurance and supplemental security income benefits due to arthritis from a broken back, left arm nerve problems, depression, and anxiety. An Administrative Law Judge held a hearing and determined that Plaintiff was not disabled. Plaintiff requested review of the decision, which the Appeals Council denied. Plaintiff then filed a complaint in this Court seeking judicial review of the ALJ decision.

The Plaintiff alleged that the ALJ erred for several reasons, including improperly evaluating the medical evidence, lay witness evidence, and Plaintiff's credibility. The Plaintiff claimed that the ALJ erred when she did not reopen an earlier administrative proceeding. Additionally, the Plaintiff argued that, because of all of the ALJ's errors, the ALJ erred in determining Plaintiff's residual functional capacity and Plaintiff's capability of returning to her past relevant work.

On December 22, 2010, the Magistrate Judge filed a Report and Recommendation. In the Report, the Magistrate Judge recommended that the matter be remanded to the Commissioner because the Administrative Law Judge erred in evaluating medical opinions concerning Plaintiff's mental impairments and as a result, erred in her assessment of Plaintiff's residual functional capacity and her findings that Plaintiff could perform her past work and other work. However, the Report concluded that the ALJ did not improperly evaluate Plaintiff's credibility, lay witness testimony, or other medical evidence. The Report also determined that the ALJ did not err when it declined to reopen an earlier administrative hearing. Plaintiff objected to the Report and Recommendations, but the Commissioner did not. On January 7, 2011, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation and remanded this matter to the Commissioner for further administrative proceedings.

Plaintiff now files this motion seeking fees of $7,832.88 and expenses of $36.66.[1] The Defendant objects, arguing that its position was substantially justified and, alternatively, that plaintiff's requested fees are not reasonable. Specifically, the Defendant argues that the ALJ's findings that Plaintiff could perform work that existed in the national economy and that Plaintiff was not disabled had a reasonable basis in fact and law. The Defendant also argues that the fee

---

[1] Plaintiff originally requested $8,559.24 in fees and $36.66 in expenses but has lowered the request in the Reply because of objections from Defendants.

is unreasonable because of Plaintiff's limited success, noting that the case was not overly complex and that most of Plaintiff's arguments were rejected. Defendant claims that Plaintiff should not recover for time expended on work that did not advance the Plaintiff's case.[2]

## II. DISCUSSION

Plaintiff is the prevailing party in this action and is entitled to an award of attorney's fees and expenses unless the position of the United States is "substantially justified." 28 U.S.C. § 2412(d)(1). For Defendant's position to be "substantially justified" it must be "'justified in substance or in the main'—that is justified to a degree that could satisfy a reasonable person"— and "[have] a 'reasonable basis both in law and fact.'" *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2011)(quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Defendant has the burden of establishing that its actions were substantially justified in terms of the ALJ's underlying conduct and in terms of its litigation position defending the ALJ's error. *Id*. at 1259.

**A. Substantially Justified**

The ALJ's underlying error here was failing to properly evaluate the medical evidence regarding Plaintiff's mental impairments and limitations. Specifically, the ALJ failed to explain why non-medical testimony led to the rejection of the opinions of the state agency non-examining, consulting psychologists. This error led to several other problems down the road, including an improper assessment of Plaintiff's residual functional capacity, an improper determination of her ability to return to work, and an improper finding that she could perform other jobs existing in significant numbers in the national economy.

---

[2] Defendant has specifically requested that Plaintiff not recover more than $5,880.99. This is based on lowering the amount of time spent on the briefing in 2010 by at least 8.8 hours and eliminating the 6.3 hours spent in 2011on objections that ultimately failed. (Resp. at 5.)

An ALJ is required to explain why significant probative evidence was rejected by citing clear and convincing evidence. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). As to Plaintiff's medical evidence of mental impairments, the ALJ did not properly consider the medical sources and failed to explain why the opinions supporting Plaintiff were rejected. The ALJ's decision did not have a reasonable basis in law and in fact. The defense of the ALJ's decision was therefore not substantially justified.

**B. Reasonableness**

Plaintiff requests $7,832.88 in fees, arguing that it is reasonable in light of some of the unusual issues presented and the difficulty of examining some of the medical records. Defendant counters that the Plaintiff only prevailed on issues that are not unusually complex and are routinely litigated in Social Security cases. Defendant suggests that a fee of $5,880.99 or less would be appropriate. Specifically, the Defendant requests that the Court reduce the Plaintiff's hours expended on briefing in 2010 from 36.2 to less than 25.

In determining appropriate fees, a court must consider the results obtained, i.e., whether the prevailing party "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id*. at 435 (internal quotations omitted). Although the Plaintiff's case was remanded, the Court found no errors in the ALJ's rejection of lay witness testimony, rejection of evidence of side effects of medications, and evaluation of other medical evidence. The Court also rejected Plaintiff's argument that the ALJ was required to re-open an earlier administrative proceeding.

In light of the limited success on many of the Plaintiff's arguments, the hours expended on briefing in 2010 will be reduced to 27.8.[3] The Court finds the rest of Plaintiff's hours and her hourly rate reasonable.

### III. CONCLUSION

Plaintiff's Motion for Attorney's Fees and Expenses pursuant to 28 U.S.C. § 2412 [Dkt. #29] is GRANTED. Plaintiff is hereby awarded EAJA fees of $6,372.83 and expenses of $36.66.

IT IS SO ORDERED.

Dated this 31st day of October, 2012.

                                            Ronald B. Leighton
                                            United States District Judge

---

[3] The reduction reflects the fact that less than 30% of Plaintiff's arguments prevailed.